U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 2 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAROLYN R. JOHNSON

CIVIL ACTION NO. 06-2300

versus

JUDGE HICKS

HAYNESVILLE HOUSING
AUTHORITY, ET AL.

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Carolyn R. Johnson ("Plaintiff") filed this civil action without the assistance of counsel. It is one of ten civil actions that she filed between December 2006 and February 10, 2007. Most of the cases[1] have been dismissed for lack of jurisdiction or merit. Judge Hicks imposed a sanction in one of the cases, Johnson v. Larry Graves, 07 CV 221, that Plaintiff

---

[1] They are Johnson v. Police Department of Haynesville, et al., 06 CV 2295 (alleging unlawful eviction and seeking $2,000,000 in damages and the dismissal of certain elected officials); Johnson v. Haynesville Housing Authority, et al., 06 CV 2300 (alleging unlawful eviction and seeking FBI and CIA investigations); Johnson v. CenterPoint Energy, et al., 06 CV 2314 (complaining of disconnection of utility services and seeking $1,500,000 in damages and personal restraining orders); Johnson v. Haynesville Housing Authority, et al., 06 CV 2315 (alleging illegal eviction and praying for an FBI investigation and dismissal of public officials); Johnson v. School Board of Claiborne Parish, et al., 07 CV 21 (seeking $1,000,000 in damages because defendants allegedly failed to acknowledge an application for employment); Johnson v. Public Service Commission, et al., 07 CV 22 (asking for $1,000,000 and that PSC members be sanctioned for not handling a utility problem to Plaintiff's satisfaction); Johnson v. Entergy, et al., 07 CV 70 (seeking $2,500,000 in damages based on alleged disconnect of electricity); Johnson v. Minden Medical Center et al, 07 CV 209 (seeking $3,000,000 in damages for alleged medical malpractice and wrongful death); Johnson v. Kenynan Corp et al., 07 CV 220 (seeking $2,000,000 in damages and injunctive relief arising from a ban from Piggly Wiggly); and Johnson v. Graves et al, 07 CV 221 (seeking damages from a bank for not promptly funding her son's $2,000 loan).

not be allowed to file any more civil actions without prior, written approval from a district judge.

Plaintiff alleges in this civil action that the Housing Authority for the Town of Haynesville unlawfully evicted her. Plaintiff seeks damages, a key to her former residence, an order that the maintenance clerk be fired and fined or jailed, and investigations by the FBI and CIA.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve her complaint within 120 days of its filing. That period has passed, and Plaintiff has not filed evidence of valid service. She did file a number of service returns that stated service was made on the in-state defendants by certified mail. That is not a valid form of service. The court ordinarily affords extensions of time to make service to parties who have filed a complaint in good faith. Plaintiff has a history of frivolous litigation that counsels against a *sua sponte* extension of time. Rather, a *sua sponte* dismissal is appropriate.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m) for failure to make timely service.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 24 day of May, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks